Good morning, your honors. Vicki Merolt Buchanan on behalf of Juan Lopez-Canales. I would like to reserve two minutes, if I may. Try to just keep your voice up a little. Louder? Okay. Juan Lopez-Canales is a documented alien who's been in the United States for 24 years. He came here at age six with his mother, his only family, his children, his mother, his brother, live in the United States. He is currently serving a 70-month sentence because he returned to the United States without permission of the Attorney General after having been deported in absentia. And the reason he returned was the place he was staying in El Salvador was destroyed by an earthquake and the people with whom he was living were also killed. The underlying deportation in this case, it was defective. And Mr. Lopez-Canales is collaterally attacking the underlying deportation. There are two bases, there are two prongs to the collateral attack. First of all, he needs to demonstrate that there's been a due process violation. And secondly, he needs to demonstrate that he was prejudiced as a result. There can be little doubt in this case that he was denied due process because of appearing late to a hearing. All previous hearings he had attended, he moved for a change of venue. And there's a question about whether he was at the courthouse on time. He claims he was there on time, but detained by security. I don't think he really claims he was there on time, does he? During one of the hearings, his lawyer represented that he did. In his declaration, though, he doesn't. In his declaration, he does not. Pardon? He never said he was there on time. He meaning Mr. Lopez, right? Right. He didn't specifically say he was there on time. Well, nothing in the record supports your assertion that he was there on time. Other than during the argument of counsel, the counsel said that. Argument of counsel. Exactly. There's no evidence to that effect. In fact, we don't know what time he got there, do we? No, we do not. You said he was delayed by the security. Yes. The question is, though, he was clearly there according to his declaration. He was there within an hour. He said in his declaration, I thought he had said that he was there by 845, but maybe I was thinking more of the argument of counsel. But he did appear at the hearing and talk to the judge, and the judge refused to open the matter and refused and did not provide him the opportunity for an appeal. Is it pretty clear he talked to the judge or talked to the court? He talked to somebody. His declaration says he talked to the judge. The question in this case and the district court never even reached the issue of due process because it decided that there was a lack of prejudice in this particular matter. Under the case of United States versus Garcia Martinez, prejudice is presumed if there's a basis available for discretionary withholding. In this particular case, the immigration judge who he talked to originally thought there was a plausible grounds for withholding. The record is a little bit garbled at the end, but the judge indicated that he believed he might have a case for withholding, gave him the forms for withholding. His only problem was he believed that possibly the underlying felony for which Mr. Lopez-Canales was being deported might have exceeded the statutory maximum, and therefore he may not be – he may be eligible for withholding. Did he ever – did Mr. Lopez-Canales ever complete the application? I don't have any information in the record that he did. If he had completed the application, what would he have said? I don't know because that's also not in the record. That's not in his – he says nothing in his declaration that he submitted to the district court. What was submitted to the district court was the statement that he made in the early hearing to the immigration judge that he said there was problems in El Salvador, that his family was – had been in the government, and that the people there don't live. But then the rest of the hearing becomes garbled at that point in time. No, but he submitted a declaration in the district court. Yes, he did. But in that declaration, he doesn't give us anything else. Not in that declaration, no. But as part of the record in the district court is the hearing transcript. Right. Well, I've read that. But he could have spelled out a little bit more in his declaration what his concerns were, but he didn't. That's true. I mean, this is the state of the record. However, I don't know that that was necessary because someone had believed that he was eligible to at least apply for withholding. Well, there's a difference. I mean, you know, you have the right to apply for withholding, you know, submit your application, let's see what you got. Well, that's true, but that's not the standard for prejudice. He doesn't have to show under Cano, Merida, he doesn't have to show the specific facts that he was going to use for withholding. He's not precluded from withholding like all of the other cases. No, all the all the IJ said to him was, you know, I listened to a story and said, look, you might have something here. Let's get an application and we'll talk about it the next year. OK. The point was he never had a hearing in which to develop. Did he ever. I asked you, though, did he ever submit an app? Did he ever prepare the application? I don't know because he had the application in hand when he went to the hearing. In his declaration, he stated that he was prepared for the hearing. I don't know what that means. OK. Well, but, you know, he does have to make some kind of a it's his burden to show he's got at least a plausible claim. Right. Right. And my contention is that a plausible claim means that there is some basis for some basis for discretionary relief. But let me ask you this. What is that some basis? The fear of returning to El Salvador. And he is not precluded. That's the most important thing. If you look at the case. He had a claim for asylum. Withholding because of a fear of returning to a particular country. So there was at least a plausible grounds. It doesn't have to be a probable grounds, a possible grounds. It's a plausible grounds for returning. It's not like the case of, for instance, Zarate Martinez, in which he was precluded, absolutely precluded from seeking asylum or any other discretionary relief because his felonies. You said he had a fear of returning to El Salvador, but he really doesn't state any. What the basis of that fear was right. And that's whether it was on account of any protected ground. All he has. All we have is a statement he made to the immigration judge at his first at one of his first hearings, where he says that the climate has a lot of crime that he's related. His family was related to the government. Then it gets garbled and he says something about fear of and people don't live something to that nature. So he never connects that fear to, you know, whatever the reason the ground for the fear is. Right. Well, he might have to the immigration judge. But the transcript is unintelligible at that particular point in time. Well, he had an opportunity to do that in this declaration that somebody from. I think your office was in my office. It was I believe it was a public defender from the Federal Public Defender's Office. Yes. I don't know that it's necessary that he do that under the case law, because if there is at least a plausible basis, there's something that he said that he was had a plausible basis for thinking that he might be entitled to withholding. And he is not precluded from withholding. And under the count America case, it says he does not have to show specific evidence of the grounds for withholding. Because there are no cases where someone has at least a plausible or a culpable claim for withholding, where they've been deported in absentia and then been convicted under 1326. This is indeed a unique case. Are there any other questions at this point in time? Good morning, Your Honors. May it please the Court. Douglas Axel on behalf of the United States. First, as to the alleged due process prong of the test, defendant's declaration, which was submitted in the district court, it was submitted in connection with defendant's initial motion unsigned, and the signed declaration was actually submitted at the hearing after the defendant was aware of what the government's response was to the claim due process argument. And the declaration was, it appears, carefully drafted, and states only that the defendant intended to appear on time, that he arrived at the building on the morning of the hearing, and that he was delayed for some unstated period at the entrance to the building. After he was delayed, he proceeded immediately to the hearing room. So, consistent with his declaration, it is possible that the defendant did not arrive until 1159, any time in the morning, at the outside of the building, and was delayed for some unspecified period. There's no evidence that would place this within the cases cited by the defendant that found a due process violation. For example, the Harazano case, the defendant was only 15 to 20 minutes late, and the court was still on the bench. In the other cases, the delay was due to something not the fault of the defendant. There's nothing here to indicate that it was a short delay, or that the delay was solely the fault of factors beyond the defendant's control. Rather, the case is analogous to the Sharma case cited by the government. In that case, the defendant was 45 minutes to an hour late, and claimed that the reason for the delay was parking problems and traffic, and the court found that that does not establish a due process violation. This case, at best, I would submit, is analogous to Sharma, and therefore, the defendant, although he had the opportunity to make a showing in the district court, did not establish a due process violation. As to the prejudice prong, there's, I would submit, nothing about this case that makes it different from the unbroken line of cases that requires an actual showing of plausible grounds to believe that the defendant would have been entitled to relief. What about Ms. Buchanan's argument that he never really had an opportunity to show prejudice? He never had a hearing. In connection with the immigration proceedings, that's correct. As the court held in Leon, Leon, the defendant here had every opportunity to make a showing in the district court here on collateral attack. And as the court held in Leon, Leon, the due process rights are protected when a defendant has that opportunity. Once again, he had the opportunity in the district court. He did not put anything in the declaration to establish what he would have proffered in connection with his immigration proceedings, what the nature of his relief would have been, other than a reference to the transcript of an earlier proceeding in which the immigration judge said, okay, go ahead and fill out the application. And so having had the opportunity in the district court to make a showing, that is sufficient for due process. The only showing that he made, relying on his statements to the immigration judge, was number one, general conditions in El Salvador. And as the case the government cited in its brief, this court has previously held that general conditions in El Salvador as a matter of law aren't enough. The second grounds is a general statement about some of his family was in a government and some people are killed. And again, this court has held that allegations as to family members, even if the statement was tied to a family member, that's not sufficient. The defendant argues that withholding is discretionary and therefore it makes this case different from all the other cases. And I would submit that withholding is not discretionary. Indeed, it is much less discretionary than most of the other cases this court sees in these types of cases. To prove withholding, which is a higher burden than asylum, the defendant would have had to prove by a preponderance to the immigration court that he would face persecution based on race, nationality, religious belief, etc. And if he would make such showing, then as a general matter, the grounding of withholding is required. So far from being discretionary, it's really far from that. Even in the cases of purely discretionary relief, such as 212C relief, this court has nevertheless required defendants to prove, to make a factual showing of plausible grounds. For instance, in the Corrales-Beltran case, 212C relief, the defendant said, hey, it's purely discretionary relief and it's granted more than 50% of the time in general, therefore that's enough. And the court said no, the defendant had to put forth evidence to show a plausible ground that in his particular case, relief would have been exercised in his favor. And I would submit under the record, with respect to withholding, which is a much higher burden, the defendant has not made such a showing. Didn't he say in a declaration that he got to the hearing itself at 842? And that the ICE is still on the bench? No, Your Honor. The declaration, it's at Excerpts of Records, pages 62 to 63. And the only portion of that declaration going to that hearing was the top of page 63, paragraph 6 of the declaration. And the only thing that says is that the hearing was scheduled for 830. He intended to appear on time. On the morning of the hearing, I was delayed at the entrance to the building. And after I cleared security, I immediately proceeded to the hearing room. There's no evidence from the defendant as to when he arrived. The government put in a transcript of the hearing, and on the record, the immigration judge said this was called for 830. It's now 930. I don't see the alien here. The court directed somebody to go out into the hallway, into the room next door and to check. That person did that, comes back and reports that he's not there. I guess it was his defense lawyer at the hearing before the district court who said that Lopez Canales recalled arriving at 830 for the hearing. Well, he recalled arriving for his 830 hearing at 842 and that the IJ was still on the bench. Your Honor, as far as evidence in the record, there's nothing to support that. That's apparently what he said. Unless there's any other questions I would submit. Thank you. Very briefly, as to all the numerous cases in terms of when due process is denied, they range everywhere from being 18 minutes late to being two hours late to missing the hearing altogether. Further, on the case of Leon versus Leon, Leon, in that case, there was absolutely no basis for withholding, and that's why the court would not find prejudice in that particular case. Furthermore, under the case authority, he was not required to prove his claim by any preponderance. He was just to show that there was a plausible claim of some sort or the other. What evidence of a plausible claim did he introduce? He introduced the testimony from the hearing before the immigration judge, the first immigration judge. It wasn't the final hearing. It was his preliminary hearing in front of the first immigration judge. And what was the language there that you're relying on? That was the language where he was talking about El Salvador and the problems in El Salvador and his family and that people get killed. And that's when the immigration judge said, well, I suggest you fill out an application for withholding. All right. Thank you. The matter will stand submitted. We'll call the next matter U.S. v.
judges: Pregerson, Tashima, Paez